## Poole Brothers, a Corporation, v. Albert N. Marquis.

1. CONTRACTS—*Calling for First-class Work—Duty of Contractor When Poor Material is Furnished.*—A suit to collect the amount alleged to be due for presswork and binding, was defended on the ground that the work was poorly done, and that paper furnished by the defendant was spoiled. The plaintiff insisted that the paper when delivered to him was unseasoned and charged with electricity, and that because of these things, the work done thereon was poor. *Held*, that if the paper was in an unsuitable condition, the plaintiff should not have used it.

**Assumpsit**, on the common counts. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 21, 1897.

### STATEMENT OF THE CASE.

This was an action of assumpsit brought by appellant, a corporation, against appellee, to recover the value of certain presswork and binding done for defendant. Poole Brothers, railroad printers and engravers, did a large amount of printing, binding, engraving and electrotyping for the defendant at his special request. After a portion of the work was done and delivered to defendant, he refused to receive the balance and refused to pay for any of the work.

The appellee, defendant, claims that the appellant, Poole

Brothers, contracted to do the best work and failed to do so, and also spoiled some of the paper furnished by appellee.

To this claim it is replied that appellee agreed to furnish the best quality of paper for the work, and to furnish the same in time, but failed and refused to do so, and that appellee interfered with appellants' employes in their doing of this work, and therefore, if there were any part of the work not of the best quality, it was the fault of appellee solely. Appellant also claims that most of the work was accepted by appellee with full knowledge, or with an opportunity of full knowledge, of the character and quality of the work.

The jury found the issues for the defendant, and the court rendered judgment therein.

The plaintiff appeals.

Wilson & Zook, attorneys for appellant.

Smith, Helmer, Moulton & Price, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

The agreement between appellant and appellee for the doing of the work out of which this controversy arose, is substantially shown by the following letters:

" Chicago, Feb'y 5, 1894.

A. N. Marquis & Co.,

Security Building, Fifth Ave. & Madison St., City.

Gentlemen : We will do the presswork on the cut forms for your Art Portfolio at rate of $2.00 per 1,000 impressions. Will do the binding, 24 pages and cover, at $2.50 per 1,000 books; 20 pages and cover, $2.35 per 1,000 books; the covers to be wire-stitched on ; you to furnish paper and all plates.              Yours, very truly,

Poole Bros."

" February 6, 1894.

Messrs. Poole Brothers,

316 Dearborn street, Chicago.

Gentlemen : We accept your bids for presswork and binding on our Marie Burroughs Art Portfolio of Celebri-

ties, as contained in your favor of the 5th inst. This accept-
ance is based on the understanding that you are to furnish
us with your best quality of work on this job.

Yours truly,

A. N. MARQUIS & COMPANY."

It is insisted that appellee did not furnish the best quality
of paper or supply the same in proper time.

The contract was not that appellee would furnish the best
paper. There is evidence that the paper supplied was good
paper, and such as appellant, after seeing twenty-seven
reams thereof, pronounced perfectly satisfactory.

Appellant insists that the paper when delivered to them
was unseasoned and charged with electricity, and because
of these things the work done thereon was poor.

If the paper was unseasoned and so electrified as to be in
an unsuitable condition, appellant should not have used the
same; these things were known to appellant, and it should
not have gone on to do poor work and spoil the paper which
time and exposure would have put in a condition for good
work.

Appellant might, if improperly delayed by appellee, have
been entitled to compensation for the delay, but can not
urge as an excuse for poor work the use by it, with full
knowledge, of unseasoned paper.

It is hardly necessary to discuss these matters, as the find-
ing upon conflicting evidence was against appellant. Only
questions of fact are involved in this appeal.

The judgment of the Circuit Court is affirmed.